# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2023

Lyle W. Cayce
Clerk

No. 21-51062

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Bell,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-179-1

Before Clement, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

In 2009, Joshua Bell pled guilty to aiding and abetting attempted bank robbery (count 1), conspiracy to commit bank robbery (count 2), and aiding and abetting the use of a firearm during a crime of violence (count 3). He was sentenced to 71 months of imprisonment on count 1, 60 months of imprisonment on count 2 to run concurrently, and 240 months of imprisonment on count 3 to run consecutively to the sentences for counts 1 and 2. He was also

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-51062

sentenced to five years of supervised release on counts 1 and 3 and three years of supervised release on count 2, to run concurrently.

In August 2021, Bell filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). He asserted that the following allegedly extraordinary and compelling reasons supported a sentence reduction: his young age of 20 years old at the time of the offense, his lack of a criminal history, the amount of time that he had already served on his sentence, his efforts toward rehabilitation, his improved conduct while in prison, "his sincere remorse and contrition," the unwarranted disparity between his sentence and the sentences of other similar or more culpable defendants who had received sentence reductions, and the harsh prison conditions resulting from the COVID-19 pandemic. Bell also believed that the 18 U.S.C. § 3553(a) factors weighed in his favor. The district court ordered the Government to respond to Bell's motion.

In response, the Government contended Bell had not identified any reason that the court, informed by the nonbinding commentary to United States Sentencing Guideline § 1B1.13, should recognize as extraordinary and compelling. Based on the nature of Bell's offenses and his lengthy prison disciplinary record, the Government also asserted that Bell failed to show he was not a danger to the community, as discussed in § 1B1.13(2). According to the Government, Bell also failed to show that the § 3553(a) factors weighed in his favor in view of the nature of his offenses, his prison disciplinary record, his previous drug use, and his healthy physical condition.

The district court denied Bell's motion. The district court's order states that the motion and the Government's response were before the court and that the court had considered "the pleadings in this case, the applicable factors provided in . . . § 3553(a) and the applicable policy statements issued by the Sentencing Commission."

No. 21-51062

Bell filed a timely notice of appeal, asserting that the district court abused its discretion by failing adequately to explain its decision denying his motion for compassionate release.  According to Bell, the court's blanket denial failed to reference the specific § 3553(a) factors on which the court relied, and he also maintains that the § 3553(a) factors in fact weigh in his favor.  Finally, he asserts the district court abused its discretion in denying his § 3582(c)(1)(A) motion because the court erroneously believed that § 1B1.13 was binding and because the court ruled on his motion before he was able to reply to the Government's response.  Bell's first argument carries the day.

As we recently explained in *United States v. McMaryion*,[1] "[i]n similar circumstances," where the district court articulated its reasoning for denying a motion for compassionate release via a perfunctory sentence referencing the parties' filings, the § 3553(a) factors, and the Sentencing Commission's policy statements, "we have remanded 'for the district court to explain its reasons for denial.'"  No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam) (quoting *United States v. Guzman*, No. 20-51001, 2022 WL 17538880, at *1 (5th Cir. Dec. 8, 2022) (per curiam)).  We follow the same course here and remand for the limited purpose of allowing the district court to explain its reasoning.  We otherwise retain appellate jurisdiction.

VACATED and REMANDED.

---

[1] *McMaryion* involved an identical order denying a defendant's motion for compassionate release, also authored by the same district judge.